# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BERNARD GRAYER AND MARQUINYELLE HOLT, | ) ) ) Case No.: ) |
| Plaintiff, | ) ) |
| v. | ) Complaint for violation of Civil Rights and ) State Supplemental Claims |
| CITY OF CHICAGO POLICE OFFICERS K. KNABJIAN, STAR NO. 17303, A. COTTON, STAR NO. 17625, UNKNOWN AND UNNAMED CITY OF CHICAGO POLICE OFFICERS, and THE CITY OF CHICAGO, | ) ) ) **JURY DEMANDED** ) ) ) ) ) |
| Defendants. | ) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff BERNARD GRAYER (hereinafter "Plaintiff Grayer"), was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned, Plaintiff MARQUINYELLE HOLT (hereinafter "Plaintiff Holt"), was and is a citizen of the United States and was within the jurisdiction of this court.

5. At all times herein mentioned, Defendant City of Chicago Police Officers K. KNABJIAN and A. COTTON (hereinafter "Defendants"), were employed by the City of Chicago

1

Police Department and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacity.

6. At all times herein mentioned, the unnamed and unknown City of Chicago Police Officers (hereinafter "Unknown Officers"), were employed by the City of Chicago Police Department and were acting under color of stat law and as the employee, agent, or representative of City of Chicago Police Department. These unknown and unnamed employees are being sued in their individual capacities. When the names of these employees are ascertained, Plaintiff will seek leave of the Court to amend this complaint to add their names.

7. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

**FACTUAL ALLEGATIONS**

8. On or around December 3, 2018, Plaintiffs were lawfully inside their home located at 7433 S. Evans Avenue in the City of Chicago, County of Cook, Illinois.

9. At that date and place, Defendants Knabjian, Cotton, and Unknown Officers entered and searched Plaintiffs' home. During the execution of the search warrant Plaintiffs were seized.

10. Plaintiffs are informed and believe that Defendant Knabjian obtained a search warrant authorizing a search of Plaintiffs' home.

11. Defendants did not knock or announce their office prior to forcibly entering the residence.

12. Plaintiffs never consented to the entry or search of the residence.

13. There was no legal or probable cause for the Defendants to enter the residence or conduct a search of the residence other than the search warrant.

14. Plaintiffs are informed and believe that the target of the search warrant was Plaintiff Grayer, and the alleged purpose of the search warrant was to obtain an illegal firearm.

15. Upon entering the residence, Plaintiff Holt immediately notified Defendants that he had a valid Firearm Owner's Identification Card (FOID #1710654984) and Concealed Carry License (Lic #1710654984).

16. Plaintiff Holt further informed Defendants of the location of his two legally registered firearms, a Glock 19 located in a safe in the upstairs closet, and a FN Model 5.7 located in the vehicle in front of the residence.

17. The only firearms located by Defendants during the search of the Plaintiffs' residence were the two firearms legally registered to Plaintiff Holt.

18. Neither firearm belonged to Plaintiff Grayer, the target of the search warrant, nor was either firearm found on Plaintiff Grayer's person.

19. Despite the Defendants' knowledge that the Glock 19 firearm found in the search of the residence was legally registered to Plaintiff Holt, that Plaintiff Holt instructed Defendants as to the location of the Glock 19 firearm, and that the Glock 19 firearm was not found on Plaintiff Grayer's person or within his control, Defendants charged Plaintiff Grayer with unlawful use of a weapon by a felon.

20. Defendants did not have any reasonable reason to believe the Glock 19 firearm either belonged to Plaintiff Grayer or was in his custody or control, and Defendants did not have probable cause to arrest Plaintiff Grayer for any crime.

21. On that date, Plaintiff Grayer had not engaged in any criminal activity.

22. As a result of Defendants causing Plaintiff Grayer to be charged with a criminal offense he was subjected to a legal process, criminal prosecution, pretrial detention and a deprivation of his liberty.

23. Defendants knew that the criminal prosecution, pretrial detention and deprivation of Plaintiff Grayer's liberty was based solely upon Defendants' false allegations that Plaintiff Grayer possessed a weapon, and thus Defendants knew Plaintiff Grayer's prosecution, pretrial detention, andw deprivation of Plaintiff Grayer's liberty were not supported by probable cause.

24. The criminal charge against Plaintiff Grayer was dismissed on July 18, 2019, in Plaintiff Grayer's favor, in a manner indicative of innocence.

25. Plaintiff Grayer was deprived of his liberty for a substantial length of time, roughly 7 months, as a result of the acts of the Defendants.

26. Additionally, despite the Defendants' knowledge that Plaintiff Holt immediately identified to the officers that he had a valid FOID card and Conceal and Carry License, and that Plaintiff Holt cooperated and instructed the Defendants as to the location of his legally owned firearms, Defendants charged Plaintiff Holt with obstructing service of process.

27. Defendants did not have any reasonable reason to believe that Plaintiff Holt obstructed service of process, and Defendants did not have probable cause to arrest Plaintiff Holt for any crime.

28. On that date, Plaintiff Holt had not engaged in any criminal activity.

29. As a result of Defendants causing Plaintiff Holt to be charged with a criminal offense he was subjected to a legal process, criminal prosecution, pretrial detention and a deprivation of his liberty.

30. Defendants knew that the criminal prosecution, pretrial detention and a deprivation of Plaintiff Holt's liberty was based solely upon Defendants' false allegations that Plaintiff Holt

obstructed service of process, and thus Defendants knew Plaintiff Holt's prosecution, pretrial detention, and deprivation of Plaintiff's liberty were not supported by probable cause.

31. The criminal charge against Plaintiff Holt was dismissed on January 22, 2019, in Plaintiff Holt's favor, in a manner indicative of innocence.

32. On January 22, 2019, the criminal court granted an order returning both firearms procured by Defendants in the execution of the search of Plaintiffs' residence to Plaintiff Holt. This included the Glock 19 that Plaintiff Grayer was charged with possessing.

33. Despite the fact that the Glock 19 was returned to Plaintiff Holt on January 22, 2019, Plaintiff Grayer remained incarcerated until July 18, 2019 for possession of that very same firearm.

34. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

35. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

36. By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFFS AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS, FOR UNREASONABLE SEARCH and SEIZURE**

37. Plaintiffs hereby incorporates and realleges paragraphs one (1) through thirty-six (36) hereat as though fully set forth at this place.

38. By reason of Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendment of the Constitution of the United States and laws enacted thereunder.

39. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiffs' home was in violation of Plaintiffs' constitutional rights and not authorized by law. The Defendants violated Plaintiffs' rights in the following manner: (1) causing unnecessary and unreasonable property damage to Plaintiffs' home; (2) the removal of property including Plaintiff Holt's legally registered firearms; and (3) the seizure of Plaintiffs persons. These acts were in violation of Plaintiffs' Fourth Amendment rights. Therefore, Defendants, in their individual capacity, are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF GRAYER AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS, FOR VIOLATION OF HIS FOURTH AND FOURTEENTH AMENDMENT RIGHTS THROUGH UNLAWFUL DETENTION

40. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-six (36) hereat as though fully set forth at this place.

41. Defendants subjected Plaintiff Grayer to criminal prosecution, a pretrial detention and a deprivation of his liberty without probable cause.

42. Defendants did not have probable cause to believe Plaintiff Grayer had committed an offense or cause him to be subjected to any pretrial restriction of his liberty.

43. Defendants knew that Plaintiff's arrest, detention, and criminal prosecution were based solely upon Defendants' false allegation that Plaintiff Grayer had possessed a firearm.

44. The criminal charge against Plaintiff Grayer was dismissed on July 18, 2019, in

Plaintiff Grayer's favor, in a manner indicative of innocence.

45. As a result of the foregoing, Plaintiff Grayer has sustained damage.

46. By reason of the conduct of Defendants and each of them, Plaintiff Grayer was deprived of rights, privileges and immunities, secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

47. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff Grayer's person was in violation of Plaintiff Grayer's constitutional rights and not authorized by law. Defendants violated Plaintiff Grayer's rights in the following manner: causing Plaintiff Grayer to be subjected to pretrial detention that restrained his liberty without probable cause for the detention and in violation of Plaintiff Grayer's Fourth and Fourteenth due process rights. Therefore, Defendants in their individual capacity, are liable to Plaintiff Grayer pursuant to 42 U.S.C. § 1983.

**COUNT III**
**PLAINTIFF HOLT AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS, FOR VIOLATION OF HIS FOURTH AND FOURTEENTH AMENDMENT RIGHTS THROUGH UNLAWFUL DETENTION**

48. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-six (36) hereat as though fully set forth at this place.

49. Defendants subjected Plaintiff Holt to criminal prosecution, a pretrial detention and a deprivation of his liberty without probable cause.

50. Defendants did not have probable cause to believe Plaintiff Holt had committed an offense or cause him to be subjected to any pretrial restriction of his liberty.

51. Defendants knew that Plaintiff's arrest, detention, and criminal prosecution were based solely upon Defendants' false allegation that Plaintiff Holt obstructed service of process.

52. The criminal charge against Plaintiff Holt was dismissed on January 22, 2019, in

Plaintiff Holt's favor, in a manner indicative of innocence.

53. As a result of the foregoing, Plaintiff Holt has sustained damage.

54. By reason of the conduct of Defendants and each of them, Plaintiff Holt was deprived of rights, privileges and immunities, secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

55. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff Holt's person was in violation of Plaintiff Holt's constitutional rights and not authorized by law. Defendants violated Plaintiff Holt's rights in the following manner: causing Plaintiff Holt to be subjected to pretrial detention that restrained his liberty without probable cause for the detention and in violation of Plaintiff Holt's Fourth and Fourteenth due process rights. Therefore, Defendants in their individual capacity, are liable to Plaintiff Holt pursuant to 42 U.S.C. § 1983.

## COUNT IV
## PLAINTIFF GRAYER AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS, AND THE CITY OF CHICAGO FOR MALICIOUS PROSECUTION

56. Plaintiff Grayer incorporates and realleges paragraphs one (1) through thirty-six (36) hereat as though fully set forth at this place.

57. Defendants were employed by the City of Chicago, and maliciously commenced and caused to be continued criminal charges against Plaintiff Grayer.

58. Defendants initiated, facilitated, and/or continued this malicious prosecution by giving false police reports, and/or preparing and/or signing false criminal complaints and/or giving false statements to prosecutors for the purpose of causing the initiation and/or continuation of the criminal prosecution of Plaintiff Grayer.

59. The criminal charge against Plaintiff Grayer was dismissed on July 18, 2019, in Plaintiff Grayer's favor, in a manner indicative of innocence.

60. As a result of being prosecuted for these crimes Plaintiff Grayer was injured emotionally, financially, and otherwise.

61. The City of Chicago is liable to Plaintiff Grayer for the acts of Defendants pursuant to the doctrine of *respondeat superior*.

62. Therefore, Defendants and the City of Chicago are liable to Plaintiff Grayer under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That individual Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That these same Defendants be required to pay Plaintiffs' special damages;

3. That these same Defendants other than the City of Chicago be required to pay Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual Defendants and each of them and other unnamed and unknown Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

                    BY:    s/ Jaclyn N. Diaz
                             ED FOX & ASSOCIATES
                             Attorneys for Plaintiff
                             300 West Adams
                             Suite 330
                             Chicago, Illinois 60606
                             (312) 345-8877
                             jdiaz@efoxlaw.com

**PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY**

          BY:    s/Jaclyn N. Diaz
                  ED FOX & ASSOCIATES
                  Attorneys for Plaintiff
                  300 West Adams
                  Suite 330
                  Chicago, Illinois 60606
                  (312) 345-8877
                  jdiaz@efoxlaw.com