IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARD GRAYER, *et al.*, | |
| Plaintiffs, | No. 20-cv-00157 |
| v. | Judge John F. Kness |
| THE CITY OF CHICAGO, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This wrongful arrest case under 42 U.S.C. § 1983 presents the question whether a claim of unlawful pretrial detention can arise under the Due Process Clause of the Fourteenth Amendment. Plaintiffs Bernard Grayer and Marquinyelle Holt allege that officers of the Chicago Police Department wrongly arrested them on a firearm charge in violation of the Fourth and Fourteenth Amendments. Defendants agree that Plaintiffs' claims arise under the Fourth Amendment, but they contend that Plaintiffs cannot proceed in this case under the Fourteenth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 270-71 (1994). In Defendants' view, the Fourteenth Amendment claims in Counts II and III of Plaintiffs' complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 13 at 1.)

As explained below, the Court agrees that Counts II and III, at least to the extent they are based on the Fourteenth Amendment, should be dismissed. No party disputes that the Fourth Amendment applies to claims arising from pretrial

detention. But the Fourteenth Amendment comes into play only for claims that arise following a criminal conviction. Because Plaintiffs were never convicted of a crime, the Fourteenth Amendment plays no permissible role in Plaintiffs' complaint. Accordingly, Defendants' partial motion to dismiss is granted.

### I. BACKGROUND[1]

In December 2018, Defendants, who at the relevant time were Chicago police officers, entered and searched Plaintiffs' home under the authority of a search warrant. (Dkt. 2 ¶ 9.) Plaintiff Marquinyelle Holt, who was inside the home, immediately notified Defendants that he had a valid Firearm Owner's Identification ("FOID") card and a Concealed Carry License. (*Id.* ¶ 15.) Holt directed Defendants to the location of two firearms, both registered to him. (*Id.* ¶ 16.) Police found one firearm in a closet safe and the other in a vehicle in front of the house. (*Id.* ¶¶ 16, 17.) Holt was charged with obstructing service of process, but that charge was dismissed on January 22, 2019. (*Id.* ¶¶ 26, 31.) Although the firearms were Holt's, Plaintiff Bernard Grayer was charged with unlawful use of a weapon by a felon. (*Id.* ¶ 19.) That charge was dismissed on July 18, 2019. (*Id.* ¶ 44.) All criminal charges having been dismissed, neither Plaintiff was convicted of any crime.

Plaintiffs sued under 42 U.S.C. § 1983, alleging that, because they were "subjected to a legal process, criminal prosecution, pretrial detention and a deprivation of liberty," they were deprived of rights, privileges, and immunities secured to them by

---

[1] In deciding a motion to dismiss, the Court must "accept as true all of the well-pled facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Calderon-Ramirez v. McCament*, 877 F.3d 272, 274 (7th Cir. 2017) (quoting *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016)).

2

the Fourth and Fourteenth Amendments. (Dkt. 2 ¶¶ 22, 29.) Defendants now move to dismiss the Fourteenth Amendment claims (Counts II and III), contending the Fourteenth Amendment "does not govern an unlawful pre-trial detention claim." (Dkt. 13 at 3.)

## II.   LEGAL STANDARD

At this initial stage, a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Iqbal*, 556 U.S. at 678-79.

## III.   DISCUSSION

Plaintiffs allege they were subjected to pretrial detention without probable cause in violation of their Fourth and Fourteenth Amendment rights. (Dkt. 2 ¶¶ 47, 55.) No party disputes that a Section 1983 claim alleging wrongful pretrial detention arises under the Fourth Amendment. *See Manuel v. City of Joliet*, — U.S. —, 137 S. Ct. 911, 920 (2017) ("*Manuel I*") (" . . . the Fourth Amendment governs a claim for

3

unlawful pretrial detention. . . ."). But the question remains: can a challenge to pretrial incarceration also arise under the Fourteenth Amendment?

In short, the answer is no. In *Manuel I*, the petitioner was arrested on a drug charge and detained for seven weeks pending trial before the state dropped the case. *Manuel I*, 137 S. Ct. at 915-16. After the prosecution dismissed the criminal matter, the petitioner brought a Section 1983 action under the Fourth and Fourteenth Amendments, alleging that the commencement of criminal proceedings against him constituted malicious prosecution. *Manuel v. City of Joliet*, No. 13 C 3022, 2014 WL 551626, at *1 (N.D. Ill. Feb. 12, 2014). The district court dismissed the Fourth Amendment claim and held that, because the Fourth Amendment no longer governs once the state initiates criminal proceedings, a malicious prosecution claim is not actionable under that provision. *Id.* (citing *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001)). Although the Seventh Circuit affirmed that aspect of the judgment, *Manuel v. City of Joliet*, 590 F. App'x 641, 644 (7th Cir. 2015), the Supreme Court reversed and held "the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process." *Manuel I*, 137 S. Ct. at 915-16. As the Supreme Court explained, the Fourth Amendment "was tailored explicitly for the criminal justice system, and it always has been thought to define the appropriate process for seizures of persons . . . in criminal cases, including the detention of suspects pending trial." *Id.* at 917 (cleaned up) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)). Instead of drawing the Fourth Amendment's outer boundary at the initiation of criminal proceedings, the Supreme Court placed the line of demarcation at conviction, explaining

4

that "[o]nce a trial has occurred, the Fourth Amendment drops out: [a] person challenging the sufficiency of the evidence to support both a conviction and any ensuing incarceration does so under the Due Process Clause of the Fourteenth Amendment." *Id*. at 920 n.8; *see also Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 670 (7th Cir. 2018) ("*Manuel II*").

In the wake of *Manuel I* and *II*, the Seventh Circuit has further clarified that the pre/post-conviction line permits no equivocation: pretrial claims arise under the Fourth Amendment, and post-conviction claims arise under the Fourteenth Amendment. *Lewis v. City of Chicago*, 914 F.3d 472 (7th Cir. 2019). In *Lewis*, the state charged plaintiff with illegally possessing a firearm and held him in jail for two years pending trial before dropping the charges. *Id*. at 474. Lewis brought Section 1983 claims alleging his pretrial confinement violated both Fourth and Fourteenth Amendments. *Id*. Affirming the district court's dismissal of the Fourteenth Amendment claim, the Seventh Circuit concluded that, because Lewis was never convicted, only the Fourth Amendment applied to Lewis's case. *Id*. at 475, 478 ("[i]t's now clear that a § 1983 claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment").

Following *Lewis*, the Seventh Circuit has reiterated at least four times that Section 1983 actions challenging the constitutionality of pretrial detention arise under the Fourth Amendment, not the Fourteenth. *See Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019) (noting the complaint "cited both the Fourth and Fourteenth Amendments, but properly construed, the malicious-prosecution claim is really one

5

for wrongful arrest and detention in violation of the Fourth Amendment"); *Mitchell v. City of Elgin*, 912 F.3d 1012, 1015-17 (7th Cir. 2019) (similar); *Kuri v. City of Chicago*, 990 F.3d 573, 575 (7th Cir. 2021) ("If the detention is not supported by probable cause, however, the Fourth Amendment provides a remedy"); *Young v. City of Chicago*, 987 F.3d 641, 645 (7th Cir. 2021) ("the Fourth Amendment, not the Due Process Clause, governs a claim for wrongful pretrial detention") (citing *Manuel I*, 137 S. Ct. at 918). It is thus even clearer now "that a § 1983 claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment." *Lewis*, 914 F.3d at 478.

Despite this precedent, Plaintiffs argue that *Lewis* is contrary to the Supreme Court's decision in *McDonough v. Smith*, — U.S. —, 139 S. Ct. 2149 (2019). (*See* Dkt. 23 at 5) (arguing *McDonough* overrules *Lewis* "in that claims arising from unlawful pretrial detention can also sound in the Fourteenth Amendment and are not exclusively limited to the Fourth Amendment").) This Court respectfully disagrees. Contrary to Plaintiffs' suggestion, *McDonough* did not hold that "unlawful pretrial detention can also sound in the Fourteenth Amendment." (*Id.*) *McDonough*, rather, addressed when the statute of limitations for a fabricated evidence claim begins to run. *McDonough*, 139 S. Ct. at 2154. Acknowledging that "the Second Circuit treated [the plaintiff's claim] as arising under the Due Process Clause," the Supreme Court pointedly noted that it "[w]e assume without deciding that the Second Circuit's articulations of the right at issue and its contours are sound, having not granted certiorari to resolve those separate questions." *Id*. In view of this qualification, this Court cannot find that *Lewis*—which directly applied *Manuel I*—and later on-point Seventh Circuit

6

cases were abrogated by implication through *McDonough*. *Cf. McDonough*, 139 S. Ct. at 2161 (Thomas, J., dissenting) (addressing, in the context of the limitations issue, the Court's "failure to specify which constitutional right the respondent allegedly violated"). Moreover, this conclusion is bolstered by the Seventh Circuit's post-*McDonough* application of *Manuel I* and *Lewis* in *Kuri* and *Young*—neither of which mention *McDonough*. *See Kuri*, 990 F.3d at 575; *Young*, 987 F.3d at 645.

Plaintiffs attempt to avoid the effect of *Lewis* and related decisions by distinguishing, for claim-accrual purposes, between allegations of fabricated evidence (*e.g.*, *McDonough*) and those involving unlawful detention (*e.g.*, *Lewis* and *Manuel I*). (Dkt. 23 at 5.) This distinction does not make a difference—at least not in this case. Although Plaintiffs cite some decisions explaining that a later date of accrual should apply to fabrication of evidence claims, *e.g., Floyd v. Att'y Gen. of Pa.*, 722 F. App'x 112, 114 (3d Cir. 2018); *Bradford v. Scherschligt*, 803 F.3d 382, 388-89 (9th Cir. 2015); *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008), at issue here is the legal basis of the claimed right of action, not the marker for when that action accrues. And on that score, the law is against Plaintiffs: *Lewis* rejected any distinction between pretrial fabrication of evidence claims and those based on wrongful pretrial detention. *Lewis*, 914 F.3d at 479 ("all § 1983 claims for wrongful pretrial detention—whether based on fabricated evidence or some other defect—sound in the Fourth Amendment").[2] Because that rule is the controlling law in this circuit, Plaintiffs' reliance upon the Fourteenth Amendment is foreclosed.

---

[2] Plaintiffs also rely on *Culp v. Flores*, 454 F. Supp. 3d 764 (N.D. Ill. 2020) (Feinerman, J.). Although *Culp* noted in *dicta* that "Seventh Circuit case law does not conclusively answer

7

## IV. CONCLUSION

Plaintiffs' claims alleging wrongful pretrial detention do not arise under the Fourteenth Amendment. Accordingly, Defendants' partial motion to dismiss Counts II and III as they relate to the Fourteenth Amendment is granted.

SO ORDERED in No. 20-cv-00157.

Date: June 15, 2021

JOHN F. KNESS
United States District Judge

---

whether [the plaintiff] has a viable Fourteenth Amendment claim," *id.* at 770, that decision both preceded *Kuri v. City of Chicago*, 990 F.3d 573, 575 (7th Cir. 2021) and *Young v. City of Chicago*, 987 F.3d 641, 645 (7th Cir. 2021) and disclaimed, for procedural reasons, any need to resolve the "very difficult" Fourteenth Amendment question. 454 F. Supp. 3d at 770. For the reasons provided in this opinion, the Court finds that *Manuel I* and *II*, *Lewis*, *Young*, *Kuri*, and related decisions do indeed foreclose Plaintiffs' Fourteenth Amendment claims.